PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 94-5017

_____

D. C. Docket No. 91-915-CR-WCO

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/15/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL CERCEDA,

Defendant-Appellant,

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(September 15, 1999)**

Before TJOFLAT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Angel Cerceda was convicted in September 1992 of conspiracy and possession of cocaine and counterfeit notes and making a false statement to an agent of the Drug Enforcement Administration. We affirmed his convictions without opinion under Eleventh Circuit Rule 36-1. *See United States v. Cerceda,* 17 F.3d 1439 (11th Cir.

1994)(unpublished table decision)*("Cerceda I")*.

This appeal involves the denial of his motion for new trial based on the alleged disqualification of the trial judge. Cerceda is one of 24 criminal defendants who challenged District Judge K. Michael Moore's decision not to recuse when he was notified in November of 1992 that he was a "subject" of a federal grand jury investigation. *See 28 U.S.C. § 455 (a); United States v. Garrudo*, 869 F. Supp. 1574 (S.D. Fla. 1994). This panel upheld a district court decision that Judge Moore should have recused himself in November 1992. *See United States v. Cerceda*,172 F.3d 806 (11th Cir. 1998)("*Cerceda II*"). Since Cerceda was sentenced after that date, that decision gave him the right to be resentenced by a different judge. Our opinion was subsequently vacated and the court, sitting *en banc*, reversed. *See United States v. Cerceda*, 172 F.3d 806 (11th Cir. 1999)(*Cerceda III*). That case is pending on petition for writ of certiorari to the United States Supreme Court. *See United States v. Cerceda*, 68 U.S. L.W. 3080 (U.S. July 15, 1999)(No. 99-125). We would affirm, however, regardless of the ultimate disposition of those issues.

The issue Cerceda raises on this appeal is whether Judge Moore should have recused himself at some earlier point that would encompass the period of Cerceda's trial, thereby entitling him to a new trial.

The facts regarding Judge Moore's recusal are set out in detail in *Garrudo* and

*Cerceda II*. We briefly summarize them here. On October 11 and 13, 1993, two Miami newspapers reported that the United States Attorney's Office in Brooklyn, New York, was investigating Judge Moore for allegedly accepting gratuities worth thousands of dollars from Central Security Systems, Inc. (CSSI) while he served as Director of the United States Marshal's Service. On October 15, 1993, Judge Moore entered an order *sua sponte* recusing himself from all cases in which the United States was a party. Those cases were reassigned to other judges in the Southern District. Judge Moore was questioned by FBI and IRS agents and served with a grand jury *subpoena duces tecum* as early as November 1992. He continued to try and sentence criminal defendants until October 1993, when he recused himself *sua sponte* from all criminal cases after news reports revealed he was the target of a grand jury investigation. Judge William C. O'Kelley, then Chief Judge of the Northern District of Georgia, specifically assigned to hear these motions, held that Judge Moore should have recused himself in November 1992.

After appeals brought by defendants and the government were consolidated, we affirmed, holding that under the unique circumstances of this case, Judge Moore should have recused himself from all cases involving the United States as early as November 1992 when he was first interviewed by the FBI and told he was the subject of an investigation. *See Cerceda II.*

Although Cerceda obtained a new sentencing hearing, he was denied a new trial. Due to the administrative handling of Cerceda's case when the 24 cases were being consolidated for review, Cerceda's appeal of the denial of his motion for a new trial was neither briefed nor considered by the Court in *Cerceda II*. We granted leave for further briefing.

Cerceda argues that he is entitled either to have a new trial or to have a new judge rule upon his motion for post-trial judgment of acquittal. The gist of Cerceda's argument is that although Judge Moore was identified as a subject of an investigation in November 1992, Judge Moore and the government must have known earlier, specifically, in September 1992, that Judge Moore was a subject of the investigation. Cerceda asserts that Judge Moore could have known of the status of the investigation at the time of Cerceda's trial through one of several avenues: he may have been informed as a matter of courtesy because he was a federal judge, or heard by informal communication from his former colleagues in law enforcement, or been told during conversations with his friends and associates who were also subjects of the investigation. Cerceda contends that any of these possibilities would afford the objective lay person a basis to believe that Judge Moore knew he was the subject of the investigation.

Without presenting any evidence in support of his position, Cerceda asked the

4

district court to assume that Judge Moore was a subject of the grand jury investigation and had knowledge of his status during Cerceda's trial, more than six weeks earlier than was admitted. Where the record facts indicate that the government considered Judge Moore a subject of the investigation and Judge Moore was so advised in November 1992, we affirm the district court's decision not to make any assumptions about Judge Moore's status earlier.

Section 455(a) requires recusal when the objective circumstances create an appearance of partiality. A charge of partiality must be supported by some factual basis, however. Recusal cannot be based on "unsupported, irrational or highly tenuous speculation." *In re United States,* 666 F.2d 690, 694 (1st Cir. 1981). Cerceda's conjecture and speculation about what the government and Judge Moore might have known prior to November 1992, without more, are insufficient to warrant a new trial or the evidentiary hearing that Cerceda requested to pursue this line of inquiry. We need not speculate on what factual basis in this unique case would support a requirement that Cerceda be retried.

Regarding Cerceda's post-trial motion for judgment notwithstanding the verdict, because it was ruled upon on June 3, 1993, after Judge Moore was the subject of the government investigation, we are bound by the en banc court decision in *Cerceda III*.

**AFFIRMED.**